IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00257-D-RN

**Shirbartis Alston**,

Plaintiff,

v.

**OM of Raleigh, Inc.**,

Defendant.

**Order**

In its order granting Defendant OM of Raleigh, Inc.'s motion to compel, the court set a hearing to discuss whether it should award OM the fees and costs it incurred in pursuing the motion under Federal Rule of Civil Procedure 37. May 1, 2023 Order at 2, D.E. 15. The order required both Plaintiff Shirbartis Alston and her counsel, Richard D. Allen, to attend in person. *Id*. The court's electronic filing system sent a notice of electronic filing about the Order to Allen's email address on file. There is no indication that the NEF did not reach Allen.

Yet on the day of the hearing, neither Alston nor her counsel were present. The Clerk's Office reached out to Allen at the number on file with the court. Allen was apparently unaware of the hearing. But the e-mail address on file with the court is the same as the one Allen has on record with the North Carolina State Bar.[1] And, in any event, if Allen changed his email address, he was obligated to update it in the court's electronic filing system. Electronic Case Filing Administrative Policies and Procedures Manual § III(A). Thus, the court does not find Allen's claim to be credible.

This is the latest instance in which Allen has failed to meet his professional obligations. OM largely based its motion to compel on Allen's failure to respond to both discovery and

---

[1] *See* North Carolina State Bar Membership Directory, https://portal.ncbar.gov/verification/search.aspx.

1

correspondence from OM's counsel. Allen failed to respond to the motion to compel and, now, has failed to attend a hearing involving a request for sanctions against him and his client. Needless to say, this conduct is both highly unprofessional and highly unusual. While this can be the result of simple negligence, the court's experience has shown that this type of conduct often occurs when an attorney needs professional assistance.

Therefore, the court orders as follows:

1. The court grants OM's request for sanctions. No later than May 19, 2023, OM shall file an affidavit outlining the costs and fees it seeks to recover in connection with its motion to compel, as well as any other supporting documentation. Alston may file a response of no more than 10 pages by May 26, 2023.

2. As promptly as possible, and in any event no later than May 19, 2023, OM shall file, under seal, the last known address it has for Plaintiff Shirbartis Alston. Upon receipt of the address, the Clerk of Court shall send a copy of this order and the May 1, 2023 Order to Alston.

3. Allen shall show cause no later than May 26, 2023, why the court should not initiate contempt proceeding for failure to comply with this court's orders, refer him to the North Carolina Lawyers Assistance Program, refer him to the North Carolina State Bar for evaluation of whether to begin a disability proceeding under 27 N.C.A.C. 1B.0122, or some combination thereof.

4. The Clerk of Court shall mail a copy of this order to Allen at the address on the docket and make the necessary arrangements for the United States Marshal for the Middle District of North Carolina to personally serve this order on Allen at the address listed on the docket.

2

Dated:  May 12, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge

3