IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00257-D

**Shirbartis Alston**,

    Plaintiff,

v.

**OM of Raleigh, Inc.**,

    Defendant.

**Order**

  Before the court are various issues related to the actions of Richard D. Allen, the attorney representing Plaintiff Shirbartis Alston. The court previously granted Defendant OM of Raleigh's motion to compel discovery and its request for sanctions. But the court revisits that order finding that an award of attorneys' fees would be unjust under the circumstances. So it will decline to order Alston or her attorney to pay OM's attorneys fees associated with the motion to compel.

  In his response to the order on the request for sanctions, Allen contends that he struggles with issues that affect his ability to meet his professional obligations. D.E. 22. Because the answer references his health issues, he asks the court to seal it. D.E. 23. The court finds redaction that sealing is appropriate.

**I. Background**

  Shirbartis Alston sued her former employer, OM of Raleigh, Inc., for allegedly violating the Families First Coronavirus Relief Act, the Fair Labor Standards Act, and the Family and Medical Leave Act. Compl., D.E. 1.

  OM encountered difficulties in discovery. D.E. 13. Alston failed to timely respond to OM's first set of discovery. *Id*. OM's attempts at communication, through phone calls, emails, and letters,

elicited no response until almost a month after the discovery responses were due. *Id*. And when Alston finally responded, the answers were incomplete. *Id*. Alston offered written responses to the requests for admissions and production of documents. *Id*. But the reply ignored the interrogatories posed and provided no documents. *Id*. OM attempted to resolve the outstanding discovery deficiencies, but its good faith efforts were met with silence from Alston. *Id*. failed receiving responses to its discovery requests. It ultimately moved the court to compel discovery and award sanctions. *Id*.

Although OM reached out to Alston's counsel several times to ask about the status of the discovery responses but received no timely response. D.E. 15. The answers OM eventually received were insufficient. *Id*. Alston completely failed to respond to OM's interrogatories, and while she responded to the requests for production, she did not include any documents alongside her answers. *Id*. And the objections she lodged to several of OM's requests for production lacked merit. *Id*.

The court found that Alston has failed to meaningfully respond to OM's requests without explanation. *Id*. So it granted OM's motion to compel. *Id*. And it set a hearing on the request for sanctions. *Id*.

The court's electronic filing system sent a notice of electronic filing about the Order to Allen's email address on file. Order to Show Cause, D.E. 18. Nothing suggested that that the NEF did not reach Allen. *Id*. Yet neither Allen nor Alston appeared at the May 2023 hearing, as the order directed. *Id*.

When Alston and Allen failed to appear, the Clerk's Office reached out to Allen at the number on file with the court. *Id*. Allen indicated he was unaware of the hearing. *Id*. But the e-mail address on file with the court is the same as the one Allen has on record with the North

2

Case 5:22-cv-00257-D-RN    Document 32    Filed 08/24/23    Page 2 of 8

Carolina State Bar. *Id*. And, in any event, if Allen changed his email address, he was obligated to update it in the court's electronic filing system. Electronic Case Filing Administrative Policies and Procedures Manual § III(A). So the court found Allen's claim to be not credible. D.E. 18.

The court granted OM's request for sanctions. *Id*. It instructed OM to submit an affidavit outlining the fees and costs it incurred in filing the motion to compel. *Id*. And the Order directed Allen to show cause why the court should not initiate contempt proceedings against him or refer him to the North Carolina State Bar. *Id*.

OM filed an affidavit outlines its fees and costs associated with it motion to compel. D.E. 20. Alston filed no challenge to the fees sought.

Allen's response to the Show Cause Order offered an apology for his repeated oversights in litigating the case. D.E. 22. The response includes various documents relating to his health, so he asks the court to seal it. D.E. 22, 23.

## II. Discussion

### A. Attorneys Fees

OM requests reimbursement for the costs and fees associated with its motion to compel. Because the court granted the motion, it "must" require the Alston, Alston's counsel, or both to pay OM's, "reasonable expenses incurred in making the motion, including attorney's fees[.]" Fed. R. Civ. P. 37(a)(5)(A). The only exceptions to these rules are if the moving party "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" the offending party's actions were "substantially justified;" or "other circumstances make an award of expenses unjust." *Id*. The court previously granted this request, but now reconsiders its earlier order given the additional information provided by Allen.

The Federal Rules allow a district court to revisit an interlocutory decision at any time before entering a final judgment. Fed. R. Civ. P. 54(b). But a court should only do so if it would be appropriate under the law-of-the-case doctrine. *Id.* And that means there are only three circumstances when a court should reconsider an earlier interlocutory decision. The first circumstance arises if further litigation has yielded "substantially different evidence" from what was available to the parties at the time of the original decision. *Id.* A change in the applicable law also provides a reason to depart from an earlier decision. *Id.* And a court may also modify its prior order if doing so is necessary to correct a "clear error causing manifest injustice." *Id.* (quotations omitted). Given Allen's response, the court now has substantially different evidence before it about the circumstances that led to the discovery issues in this case. So it is appropriate to revisit the earlier order.

And on the fuller record, it is appropriate to deny OM's request for fees and expenses. The delay in producing discovery stemmed from Allen's health conditions. And the court finds that counsel's present health concerns qualify as "other circumstances which make an award of expenses unjust." So the court vacates its previous award of sanctions allowing OM to recover costs and fees associated with the motion to compel. D.E. 18.

**B.      Motion to Seal**

In response to the Show Cause Order, Allen filed a response, which he seeks to seal. D.E. 23. OM has taken no position on sealing the response.

"[T]he courts of this country recognize a general right to inspect and copy ... judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). But "the mere filing of a document with a court does not render the document judicial." *In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (table), Nos. 94–2254 & 94-2341, 1995 WL 541623, *4 (4th Cir. 1995).

4

Instead, "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).

The right of public access derives from two independent sources: the First Amendment and the common law. *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). Common law affords less substantive protection to the interests of the press and the public than the First Amendment. *Id*. (citations omitted). "[C]ommon law presumes a right to access all judicial records and documents, but this presumption can be rebutted if 'the public's right of access is outweighed by competing interests.'" *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 290 (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir.1984). In contrast, a right of access under the First Amendment applies only to particular judicial records and documents. *Id*; *see, e.g., Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (documents filed in connection with summary judgment motion in civil case); *In re Washington Post*, 807 F.2d at 390 (documents filed in connection with plea hearings and sentencing hearings in criminal case). "[T]his right yields only in the existence of a 'compelling governmental interest ... [that is] narrowly tailored to serve that interest.'" *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 290 (quoting *Va. Dep't of State Police*, 386 F.3d at 575).

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police,* 386 F.3d at 567. There are three procedural prerequisites to sealing. *Id*. First the court must give the public notice and a reasonable chance to challenge the request to seal. Second, it must "consider less drastic alternatives to sealing[.]" *Id*. And third, if it decides to grant the motion, it must make specific findings and state the reasons for its decision to seal over the alternatives. *Id*.

A court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford*, 846 F.2d at 253. "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Va. Dep't of State Police,* 386 F.3d at 575 (quoting I*n re Knight Publ. Co.*, 743 F.2d at 235).

The First Amendment's guarantee of access to judicial records may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone*, 855 F.2d at 180. The court must find that the circumstances of a motion to seal overcome both the First Amendment and common law presumption of access.

In his response, Allen offers his apology. D.E. 22. Allen states that he was not properly monitoring his email where notices of electronic filing are sent. *Id*. So he was unaware of OM's motion to compel and the order setting a hearing on it. *Id*. Allen therefore failed to respond to the motion to compel, attend the hearing, or advise his client to be present at the hearing. *Id*.

Allen maintains that there are well-founded reasons for concern over his health and professional capacity. *Id*. He identifies several mental and physical conditions which he currently suffers and for which he has sought treatment. *Id*. The severity of his conditions has increased,

6

unpredictably, leaving Allen unable to fully meet his professional responsibilities and interfering with his professional judgment. *Id*.

Allen also indicates his intent to withdraw from the case. D.E. 22 ¶ 18. He filed a motion to withdraw, which the court granted. D.E. 29, 30.

Allen contends that his motion to seal should be granted because his response contains medical information he wishes to keep confidential. D.E. 23 at 2. And he requests that the court seal medical records that he has offered to produce. *Id*.

The court finds that sealing Allen's response is warranted. As to the first procedural requirement for sealing, the public has had notice of the proposed filing since May, but no one has challenged sealing the submission.

Second, the filing references Allen's health conditions. The court finds that sealing the sensitive information contained in the submission protects Allen's privacy.

Third, the court recognizes the public has a right to access documents filed in court. *Va. Dep't of State Police*, 386 F.3d at 575. Yet it also acknowledges that individuals have an interest in keeping sensitive medical information private. *Watson* v. *Lowcountry Red Cross*, 974 F.2d 482, 487 (4th Cir. 1992). Both Congress and the State of North Carolina have recognized the significance of an individual's interest in keeping medical information private. *See* 42 U.S.C. § 1320d-6(a); N.C. Gen. Stat. § 58-2-105(a).

Allen's response offers candor on his current health challenges. Discussions about mental health remain somewhat stigmatized, lending greater weight to Allen's argument that there is a compelling interest to keep his information private. And denying the motion to seal may have a chilling effect on attorneys who may encounter similar challenges about which they want to be forthright with the court yet want to shield the private medical information from the public. So the

7

court finds Allen's privacy interest outweighs the public's limited interest in learning details of his health conditions. It finds that there are no alternatives to sealing, and Allen narrowly tailored to his request to seal his response to the compelling interest discussed.

Allen has persuasively argued that his significant interest in shielding private medical information outweighs the interest in public access. So he has overcome the presumption of openness and access to judicial records under both the First Amendment and the common law as to the entire submission.

The court thus grants the motion to seal (D.E. 23).

Dated: August 24, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge